UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IVY SILBERSTEIN (d/b/a IVY
SUPERSONIC),

           Plaintiff,

      - against -                     02 Civ. 1131 (RJH)

FOX ENTERTAINMENT GROUP, INC.;
TWENTIETH CENTURY FOX FILM
CORPORATION; BLUE SKY STUDIOS,      MEMORANDUM
INC.; JOHN DOES 1 through 10; JAKKS     OPINION & ORDER
PACIFIC, INC.; UBI SOFT
ENTERTAINMENT, INC.;
HARPERCOLLINS PUBLISHERS, INC.; and
XYZ CORPORATIONS 1 through 1500,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Ivy Silberstein sued defendants Fox Entertainment Group, Inc., Twentieth Century Fox Film Corporation, Blue Sky Studios, Inc., Jakks Pacific, Inc., Ubi Soft Entertainment, Inc. and HarperCollins Publishers, Inc. (hereinafter "defendants") as well as unidentified "John Does" for copyright and trademark infringement relating to a cartoon drawing developed for plaintiff and depicting a hybrid squirrel-rat that she named "Sqrat." On July 21, 2004 the Court granted defendant's motion for summary judgment dismissing all of plaintiff's claims. *Silberstein v. Fox Entertainment Group, Inc.*, 424 F. Supp. 2d 616 (S.D.N.Y. 2004). Judgment was affirmed by the Court of Appeals in a summary order. *Silberstein v. John Does 1-10*, 242 Fed. Appx. 720 (2d Cir. 2007). Defendants now move for attorneys' fees and costs under the Copyright Act, 17 U.S.C.

§ 505 and the Lanhan Act, 15 U.S.C. § 1117(a).  For the reasons set forth below, defendants' motion is denied.

BACKGROUND

The Court assumes the parties' familiarity with the procedural history of this case and related litigation, and the prior decisions of the Court on plaintiff's preliminary injunction motions and defendants' summary judgment motion.

In or around May 1999 plaintiff conceived of a cross between a squirrel and a rat, or "sqrat," that she decided to commercialize.  She was not the first person to have conceived of such an animal or to use the word sqrat; however, she was apparently the first to seek to register the word with the U.S. Patent and Trademark Office.  In mid-1999 she commissioned an artist to draw a cartoon figure of Sqrat and took limited steps to commercialize the character, including displaying the cartoon logo at public events, creating Sqrat websites, "pitching" the concept to individuals in the entertainment industry and working on a script for an animated series featuring the Sqrat.

In November 2001, plaintiff learned that defendants' then upcoming animated motion picture *Ice Age* featured a rodent-like character known as Scrat.  On February 13, 2002, plaintiff commenced the present action alleging that the Scrat name and depiction was a knockoff of her own Sqrat.  She moved for a preliminary injunction but withdrew the motion after being informed by defense counsel that they had just learned that plaintiff's artist had apparently copied his drawing of Sqrat from a 'clip art' drawing (the "Beaver Cartoon"), owned and published by a third party, Smart Designs.  Thereafter both plaintiff and Fox attempted to procure ownership of the right to the Beaver Cartoon.

In March 2002, Fox purchased rights in the cartoon from Smart Design's successor, DAS. DAS warranted that it was the sole owner of the copyright to the cartoon. In July 2002, the artist who created the Beaver Cartoon, Ron Szafarczyk, purported to sell to plaintiff his rights in the cartoon retroactive to its date of creation in 1994.

Plaintiff was granted leave to amend her complaint to reassert her copyright claims and in October 2002 sought to preliminarily enjoin the home video release of *Ice Age*. Judge Daniels, before whom the case was then pending, denied the motions on the grounds that plaintiff could not establish irreparable injury.

Separate litigations and arbitration ensued to determine whether DAS or Szafarczyk had originally owned the rights to the Beaver Cartoon. On July 1, 2003 an arbitrator awarded an undivided one-half interest to each party which award was binding on the assignees. Although the arbitrator decided that both plaintiff and defendant Fox thereby had the right to use the Beaver Cartoon, plaintiff maintained that the arbitral award was not binding and that, in any event, the changes made to the cartoon by her artist in mid-1999 created a derivative work that was itself entitled to copyright protection.

In its summary judgment decision, the Court rejected plaintiff's claims for several reasons. It concluded that the arbitration award was binding and, therefore, that only the elements added to the Beaver Cartoon in 1999 to create plaintiff's Sqrat were protected under the Copyright Act. As to such elements, the Court found (a) that plaintiff was unable to show that Fox had actually copied Sqrat in creating Scrat, (b) that defendants established that they created Scrat independently of plaintiff based on a prehistoric rodent called a *lepticidium*, and (c) that there was no substantial similarity between defendants

3

Scrat and the protectible elements of Sqrat (its tail, ears, whiskers and the sign it held). With respect to the trademark claim, the Court found that there was insufficient commercial use by plaintiff to establish a common law trademark and, thereby, warrant protection.[1]

## DISCUSSION

**1. The Copyright Act**

Section 505 of the Copyright Act provides that a "court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Prevailing defendants are entitled to equal consideration for the award of fees as "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

While there is "no precise rule or formula," courts, in the exercise of their discretion, may consider several non-exclusive factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, 535 n. 19. The Second Circuit has noted that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted" because "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position

---

[1] Plaintiff clearly had no statutory trademark claim as her 1999 trademark application for Sqrat had been deemed abandoned by the PTO in 2001.

will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publishing Co.*, 240 F.3d 116, 121–22 (2d Cir. 2001); *see also*, *Chivalry Film Prods. v. NBC Universal, Inc.*, No. 05 Civ. 5627(GEL), 2007 WL 4190793, at *2 (S.D.N.Y. Nov. 27, 2007) (citing cases). Some courts within the Circuit have concluded that the objective unreasonableness of a claim is sufficient by itself to warrant the imposition of attorneys' fees. *Baker v. Urban Outfitters*, *Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) (citing cases).

Be that as it may, prevailing parties are not entitled to fees merely because they have been successful on a motion to dismiss or for summary judgment. To do so "would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff.  This is not a correct construction of the law." *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (quoting *CK Co. v. Burger King Corp.*, No. 92 Civ. 1288 (CSH), 1995 WL 29488 at *1 (S.D.N.Y. Jan. 26, 1995)) ((internal quotation marks and citation omitted); *see also Brown v. Perdue*, No. 04 Civ. 7417 (GBD), 2006 WL 2679936 at *1 (S.D.N.Y. September 15, 2006). "Rather, the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Penguin Books USA Inc. v. New Christian Church of Full Endeavor, Ltd.*, No. 96 Civ. 4126 (RWS), 2004 WL728878 (S.D.N.Y., Apr. 6, 2004) at *3 (citing cases).

Defendants contend that Silberstein's copyright claims were objectively unreasonable in light of this Court's conclusion that there was no substantial similarity

between plaintiff's Sqrat and defendants' Scrat and, further, that plaintiff had failed to prove that defendants had access to her creation.  The Court disagrees.  While finding as a matter of law that there was no substantial similarity, the court does not consider plaintiff's claim to be patently devoid of merit.  The existence of limited similarities between characters that both appeared to be a hybrid squirrel-rat and both of which bore obviously similar names persuades the Court that plaintiff's claims were not specious or objectively unreasonable.  And while not relevant to the issues of unlawful appropriation, *Silberstein v. John Does 1-10*, 242 Fed. Appx. 720, plaintiff's expert report provides some support for the proposition that there were probative similarities between Sqrat and Scrat.  *Silberstein v. Fox Entertainment Group, Inc.*, 424 F. Supp. 2d at 627-28.  The Court also notes that defendants went to unusual lengths to secure rights to the Beaver Cartoon as a means of defeating plaintiff's copyright claims.  This "scramble to assert ownership of the Beaver copyright," *Id.*, 424 F. Supp. 2d at 623, would appear to indicate that defendants themselves did not view plaintiff's copyright claims as specious.

Regarding plaintiff's evidence of defendants' access to her creation, the Court characterized it as "exceedingly weak" *Id.* at 624-25.  There was sufficient evidence of access, however, to render plaintiff's argument not objectively unreasonable.  This included evidence of plaintiff's pitching her Sqrat to a corporate affiliate of one of the defendants and the dissemination of information regarding Sqrat to entertainment industry professionals and in various forms of media.  *Id.* at 626-27.

Defendants also argue that they should be awarded attorneys' fees because (1) plaintiff's motions for preliminary injunction were intended to extort a settlement; (2) plaintiff perjured herself at her deposition; and (3) her motions for summary judgment

6

were baseless as was her position that the arbitration award finding joint ownership of the Beaver action was not binding on the Court.  Taken together, these actions do not persuade the Court that plaintiff's copyright claims were asserted in bad faith or for an improper motive.  There was a sufficient factual predicate for plaintiff to believe that defendants had derived their Scrat from her Sqrat.  While the evidence presented to the Court was insufficient as a matter of law to support this claim, plaintiff's attempt to persuade the Court otherwise through standard motion practice is not sufficient to justify an award of fees.  Nevertheless, the Court is troubled by defendants' allegation that plaintiff created a document to support her claims.  (Defs. Mem. at 17–18).  The record on this incident, however, is not fully developed and would have been addressed more appropriately in a motion for sanctions.  *See Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 439–40 (S.D.N.Y. 2002).  Her conduct, if established as intentional, would be sanctionable, but standing by itself does not convert her copyright claim into one asserted in bad faith.

**2. The Lanham Act**

The Lanham Act provides that in "exceptional cases" the Court may award "reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The Second Circuit has interpreted this provision to refer to instances of "fraud or bad faith" or "willful infringement."  *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003).  Pursuit of a trademark claim without any reasonable basis may give rise to an inference of bad faith.  *See IMAF, S.P.A. v. J.C. Penney Co.*, 810 F. Supp. 96, 100 (S.D.N.Y. 1992) (attorneys' fees awarded where claims "utterly lacked a solid legal foundation"); *Diamond Supply Co. v. Prudential Paper Prods. Co.*, 589 F. Supp. 470,

7

476 (S.D.N.Y. 1984) (attorneys' fees awarded where claim was "patently baseless"). In the present case, however, plaintiff had a reasonable basis for claiming that her use of Sqrat to describe a hybrid squirrel-rat may have been infringed by defendants' use of a similar name, Scrat, to describe and promote a similar cartoon figure. The Court concluded that plaintiff's efforts to promote her mark were not sufficient to establish 'use' of the mark 'in commerce' and thereby bring her property within the scope of the Lanham Act. *Silberstein v. Fox Entertainment Group, Inc.*, 424 F. Supp. 2d at 632-33. Plaintiff's claim was not baseless, however, for, as the Court noted, had plaintiff sufficiently commercialized her creation she may well have been entitled to protection. *Id.*

## CONCLUSION

For the foregoing reasons, defendants' motion [153] for an award of attorneys' fees under 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) is denied. Defendants are entitled to recover costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: New York, New York
       March 3, 2008

Richard J. Holwell
United States District Judge